UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:21-cv-07830-CAS-SHK | Date: | January 31, 2022 |
|---|---|---|---|
| Title: | *Tasjia Lopez v. Comm'r of Soc. Sec'y* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE**

On October 1, 2021, Plaintiff Tasjia Lopez ("Plaintiff") filed a Complaint ("Compl.") seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for benefits under the Social Security Act. Electronic Case Filing Number ("ECF No.") 1, Compl.  On October 5, 2021, the Court issued its Case Management Order ("CMO") where, in pertinent part, the Court ordered Plaintiff to serve a proof of service ("POS") of the summons and Complaint on Defendant within thirty days of the CMO issuing and ordered Defendant to electronically serve the Certified Administrative Record ("CAR") on Plaintiff within ninety days from service of the Complaint.  See ECF No. 9, CMO at 1.  Thus, pursuant to the CMO, Plaintiff was required to perfect service on Defendant by November 4, 2021.

Plaintiff filed a POS on October 25, 2021 ("First POS"), which included postal receipts indicating that Defendant was served on October 23, 2021, at all three of Defendant's addresses, and, without any explanation why, Plaintiff filed another POS on December 9, 2021 ("Second POS"), more than one month after the November 4, 2021, deadline set forth in the CMO had passed.  See id.; see also ECF Nos. 13, 14, First and Second POS.  Defendant failed to electronically serve the CAR on Plaintiff by January 21, 2022, which was ninety days after the postal receipts attached to Plaintiff's First POS indicated that Defendant was served.

Further, the Court observes that Defendant filed a notice of appearance in this case on January 3, 2022, and, thus, Defendant has had access to the Court's CMO and its deadlines for nearly one month.  See ECF No. 15, Defendant's Consent to Procced Before Magistrate Judge ("Consent"); see also ECF No. 9, CMO at 1, n.1 (the Court indicating that "[t]he filing of a

consent to proceed before the Magistrate Judge will serve as a notice of appearance."). However, despite both parties being aware of the deadlines in the CMO, neither party has moved for an extension of time to perform their duties as set forth in the CMO, or even notified the Court in writing that the other party has failed to perform their duties pursuant to the CMO.

As such, Plaintiff is **ORDERED TO SHOW CAUSE, in writing,** by **February 15, 2022**, why the case should not be dismissed for Plaintiff's failure to prosecute and follow Court orders. Plaintiff can satisfy this Order to Show Cause ("OSC") by indicating in writing by the date above: (1) whether Plaintiff timely perfected service on October 23, 2021, as indicated by the postal receipts attached to Plaintiff's First POS; or (2) if Plaintiff did not perfect service by November 4, 2021, as ordered in the CMO, why Plaintiff did not timely perfect service on Defendant. If the latter is the case, Plaintiff shall also indicate why Plaintiff did not seek an extension of time to perfect service prior to the expiration of the deadline and whether Defendant contributed to Plaintiff's delay in perfecting service.

Further, Defendant is **ORDERED TO SHOW CAUSE, in writing,** by **February 15, 2022**, why default should not be entered against Defendant for Defendant's failure to follow Court orders and defend this case by timely filing the CAR on Plaintiff. Defendant can satisfy this OSC by indicating in writing by the date above: (1) whether Plaintiff timely perfected service on October 23, 2021, as indicated by the postal receipts attached to Plaintiff's First POS and, if Plaintiff did perfect service, why Defendant failed to timely serve the CAR on Plaintiff within ninety days thereafter, by January 21, 2022, as ordered in the CMO; or (2) if Plaintiff did not perfect service on October 23, 2021, Defendant must indicate when service was perfected and also indicate when, within ninety days or less of that service date, Defendant will electronically serve the CAR on Plaintiff.

Counsel for both parties are warned that failure to meet deadlines in this case, including those set forth above, may result in this case being dismissed or default being entered, for failure to prosecute or defend, and for failure to follow Court orders.

The parties are admonished for failing to keep the Court apprised of their inability to meet Court deadlines so early in this litigation. The Court's need to intensely manage filing deadlines in this case so early on is consuming valuable Court resources that could otherwise be spent resolving other cases and addressing other important and pressing legal issues. Consequently, because the parties in this case are requiring Court intervention and intensive case management so early in this litigation, Counsel for both parties are warned that deadlines in this case will be strictly enforced and that extensions of time will be granted very sparingly, only for extremely good cause shown, and only if submitted before a deadline expires. Relatedly, counsel for both parties are ordered to notify the Court in writing if opposing counsel misses a deadline that will jeopardize their own filing deadline. A party's inability to meet a deadline because opposing counsel missed their deadline will not be deemed good cause for the party to have missed the deadline, nor for the Court to grant an extension of time, if the party moving for an extension of time or missing their deadline failed to notify the Court in writing—well in advance of the deadline—of opposing counsel's failure to meet their deadline.

**IT IS SO ORDERED.**