UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07830-CAS-SHK | Date: | February 17, 2022 |
| Title: | *Tasjia Lopez v. Comm'r of Soc. Sec'y* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   SECOND ORDER TO SHOW CAUSE**

On January 31, 2022, the Court ordered the parties to show cause by February 15, 2022 why this case should not be dismissed, or default entered against the Commissioner of Social Security ("Defendant") for the parties failure to prosecute and follow Court orders. Electronic Case Filing Number ("ECF No.") 18, OSC.

By way of background, on October 5, 2021, the Court issued its Case Management Order ("CMO") wherein, in pertinent part, the Court ordered Plaintiff Tasjia Lopez ("Plaintiff") to serve a proof of service ("POS") of the summons and Complaint on Defendant within thirty days of the CMO issuing and ordered Defendant to electronically serve the Certified Administrative Record ("CAR") on Plaintiff within ninety days from service of the Complaint. See ECF No. 9, CMO at 1. Thus, pursuant to the CMO, Plaintiff was required to perfect service on Defendant by November 4, 2021.

Plaintiff filed a POS on October 25, 2021 ("First POS"), which included postal receipts indicating that Defendant was served on October 23, 2021, at all three of Defendant's addresses, and, without any explanation why, Plaintiff filed another POS on December 9, 2021 ("Second POS"), more than one month after the November 4, 2021, deadline set forth in the CMO had passed. See id.; see also ECF Nos. 13, 14, First and Second POS. Defendant failed to electronically serve the CAR on Plaintiff by January 21, 2022, which was ninety days after the postal receipts attached to Plaintiff's First POS indicated that Defendant was served, and neither party had moved for an extension of time to perform their duties set forth in the CMO or notified the Court that the other party failed to perform their duties pursuant to the CMO.

Consequently, the Court ordered Plaintiff to show cause why the case should not be dismissed for Plaintiff's failure to prosecute and follow Court orders by indicating in writing: (1) whether Plaintiff timely perfected service on October 23, 2021, as indicated by the postal receipts attached to Plaintiff's First POS; or (2) if Plaintiff did not perfect service by November 4, 2021, as ordered in the CMO, "why Plaintiff did not timely perfect service on Defendant[,]" and "[i]f the latter is the case, Plaintiff shall also indicate why Plaintiff did not seek an extension of time to perfect service prior to the expiration of the deadline and whether Defendant contributed to Plaintiff's delay in perfecting service."  ECF No. 18, OSC at 2.

Further, Defendant was ordered to show cause why default should not be entered against Defendant for Defendant's failure to follow Court orders and defend this case by timely filing the CAR on Plaintiff by indicating in writing by the date above: (1) whether Plaintiff timely perfected service on October 23, 2021, as indicated by the postal receipts attached to Plaintiff's First POS and, if Plaintiff did perfect service, why Defendant failed to timely serve the CAR on Plaintiff within ninety days thereafter, by January 21, 2022, as ordered in the CMO; or (2) if Plaintiff did not perfect service on October 23, 2021, Defendant was instructed to indicate when service was perfected and also indicate when, within ninety days or less of that service date, Defendant will electronically serve the CAR on Plaintiff.

Counsel for both parties was warned that failure to meet deadlines in this case, including those set forth above, may result in this case being dismissed or default being entered, for failure to prosecute or defend, and for failure to follow Court orders.  The parties were also admonished for failing to keep the Court apprised of their inability to meet Court deadlines so early in this litigation and were warned that deadlines in this case will be "strictly enforced and that extensions of time will be granted very sparingly, only for extremely good cause shown, and only if submitted before a deadline expires."  Id.

On February 9, 2022, Defendant responded to the OSC ("Defendant's Response" or "Def.'s Resp.") and indicated that Plaintiff had "attempted to serve Defendant by mail service on October 23, 2021," but that Plaintiff's service attempt "was invalid as it was not addressed to the correct address, nor did it comply with Federal Rules of Civil Procedure 4(i)."  ECF No. 19, Def.'s Resp. at 2.  Defendant further indicated that "[o]n November 12, 2021, the U.S. Attorney's Office provided notice of improper service to Plaintiff's Counsel, Betty Herrera" and that nearly one month later, "[o]n December 9, 2021, Plaintiff properly served the Commissioner[,]" which resulted in the date for the Commissioner to serve the CAR being March 9, 2022, pursuant to the Court's CMO.  Id.

On February 15, 2022, Plaintiff responded to the OSC ("Plaintiff's Response" or "Pl.'s Resp.") and indicated that after filing the First POS "[t]he Court clerk subsequently notified the undersigned's office by email that service upon Defendant was invalid as it was not properly addressed to the attention of the Court Clerk[,]" and that "[c]onsequently, Plaintiff perfected service on Defendant on December 9, 2021."  ECF No. 20, Pl.'s Resp. at 2.

Here, Plaintiff has failed to adequately respond to the Court's OSC.  Specifically, as noted above, Plaintiff was ordered to indicate in writing, if service was not timely completed, "why Plaintiff did not seek an extension of time to perfect service prior to the expiration of the

deadline and whether Defendant contributed to Plaintiff's delay in perfecting service." ECF No. 18, OSC at 2. The parties Responses to the OSC indicate that Plaintiff failed to timely serve Defendant. See ECF No. 19, Def.'s Resp. at 2; ECF No. 20, Pl.'s Resp. at 2. Plaintiff has failed to indicate, as ordered, why Plaintiff failed to notify the Court of this delay and move for an extension of time to perfect service as ordered in the CMO. Thus, Plaintiff—despite being warned that the Court's deadlines will be strictly enforced and that extensions of time will be granted very sparingly, only for extremely good cause shown, and only if submitted before a deadline expires—has failed to timely comply with this Court's OSC.

Further, a review of Defendant's Response reveals that Defendant provided notice to Plaintiff on November 12, 2022, that Plaintiff's service attempt was deficient, and that Plaintiff did not perfect service until nearly one month later, on December 9, 2021. ECF No. 19, Def.'s Resp. at 2. Critically, Plaintiff omitted all of these facts in Plaintiff's response to the Court's OSC and, instead, indicated only that the Clerk of Court "subsequently[,]" without providing a date of this correspondence, notified Plaintiff's counsel by email that service upon Defendant was invalid as it was not properly addressed to the attention of the Court Clerk." ECF No. 20, Pl.'s Resp. at 2.

Thus, on the record before the Court, it appears that:

1) Plaintiff's service attempt was invalid because it was not addressed to Defendant's correct address, it did not comply with Federal Rules of Civil Procedure 4(i), and was not properly addressed to the attention of the Court Clerk;
2) Plaintiff failed to indicate when the Clerk of Court notified Plaintiff of the deficiency on the Court's end with Plaintiff's first POS;
3) Plaintiff failed to adequately respond to the OSC regarding why Plaintiff did not move for an extension of time to perfect service when Plaintiff knew that Plaintiff was out of compliance with the Court's CMO; and
4) Plaintiff was alerted by Defendant on November 12, 2022, that Plaintiff's service attempt failed, but Plaintiff waited nearly one month to perfect service on December 9, 2021.

Because of the above listed issues that are still open before the Court, and because Plaintiff failed to satisfy the requirements of the previous OSC, Plaintiff is ordered, one final time by **March 3, 2022**, to show cause why this case should not be dismissed for failure to prosecute and follow Court orders. Plaintiff can satisfy this OSC by indicating in writing, by the date above:

1) Why Plaintiff failed to answer all the questions in the previous OSC;
2) Why, as previously asked, did Plaintiff not seek an extension of time to perfect service prior to the expiration of the deadline set forth in the OSC;
3) When the Clerk of Court notified Plaintiff of the deficiency with the First POS on the Court's end, and why Plaintiff did not move for an extension of time at that time;
4) Whether the facts alleged by Defendant in Defendant's Response are true, and why Plaintiff failed to include those facts in Plaintiff's Response; and

5) If the facts alleged in Defendant's Response are true, and Plaintiff was made aware on November 12, 2022, that service was not perfected at that time, why Plaintiff waited nearly one month, until December 9, 2022, to perfect service and why Plaintiff did not move for an extension of time or notify the Court that Plaintiff could not comply with the CMO.

Because Plaintiff has failed to adequately respond to the Court's previous OSC and has also potentially omitted material facts from Plaintiff's Response as discussed above, Plaintiff is warned that failure to **timely** comply with this OSC, **in toto**, **will** result in this case being dismissed with or without prejudice for failure to prosecute and follow Court orders.

**IT IS SO ORDERED.**